**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3473-22

KASEEM ALI-X,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 30, 2025 – Decided May 7, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Kaseem Ali-X, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Eric Intriago, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kaseem Ali-X, currently incarcerated at a correctional facility in Trenton, appeals from a March 20, 2023 final agency decision issued by respondent New Jersey Department of Corrections (Department). The Department rejected Ali-X's grievance concerning the purported removal of an antenna on the roof of the facility where he is incarcerated. We affirm.

Ali-X filed a February 27, 2023 grievance alleging an antenna on the roof of the prison was wrongfully removed. Consequently, Ali-X requested the Department replace the roof antenna or provide a replacement personal digital antenna.

The Department responded to Ali-X's grievance. The Department denied an antenna existed on the prison's roof and advised inmates were not authorized to have personal antennas. Ali-X internally appealed the rejection of his grievance, and the Department again explained individual antennas were not authorized.

On March 3, 2023, Ali-X filed another grievance. He alleged the Department knew there was an antenna on the roof previously and demanded replacement of the roof antenna or a personal digital antenna. The Department replied "personal antennas are not an authorized item for purchase/retention from [the prison's] commissary." Ali-X filed an internal appeal. On March 20,

2023, the Department again stated "[a] portable antenna [was] not an approved commissary item" and "[Ali-X] had access to television programming through the prison's digital service."

On appeal, Ali-X raises the following argument:

> NEW JERSEY STATE PRISON HAS ARBITRARILY REMOVED THE INMATES['] ROOF ANTENNA AND FAILED TO REPLACE OR PROVIDE ALI-X A PERSONAL DIGITAL ANTENNA.

We have considered Ali-X's argument based on our review of the record and governing legal standards. We are satisfied Ali-X's argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(1)(1)(D) and (E). We add only the following comments.

Our review of an appeal from a final agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). A strong presumption of reasonableness attaches to an agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001). We will not reverse an administrative agency decision unless the decision is "arbitrary, capricious or unreasonable or . . . not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).

In this matter, the Department's decision rejecting Ali-X's request for a personal antenna was not arbitrary, capricious or unreasonable as the

3

A-3473-22

Department has the power to administer its facilities and determine items inmates are authorized to possess. Consistent with N.J.A.C. 10A:31-21.7(a), the Department issued a written policy and procedures "specifying the types of personal property inmates can retain in their possession during incarceration." The Department informed Ali-X that its policy and procedures do not authorize inmates to possess personal antennas.

Moreover, the Department has the authority and responsibility to manage prison commissaries. N.J.S.A. 30:1B-6(g). See also In re Ambroise, 258 N.J. 180, 203 (2024) (reaffirming the Department's "'broad discretionary power' in all administrative matters of prison facility pursuant to N.J.S.A. 30:1B-6(g)") (quoting Russo v. Dep't of Corr., 327 N.J. Super. 576, 583 (App. Div. 1999)).

Here, the Department did not deny Ali-X due process because Ali-X had no reasonable expectation in the ownership of an antenna. Further, other than his own self-serving statement, there is no evidence in the record that Ali-X paid money to purchase a roof antenna in or around 1990.

On these facts, the Department's denial of a personal antenna was not arbitrary, capricious, or unreasonable. We are satisfied there was substantial credible evidence in the record supporting the Department's denial of Ali-X's claim.

4

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M. C. Harley*

Clerk of the Appellate Division

A-3473-22